IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMAAL ANTONIO COTMAN, ) | |
|     Petitioner, ) | Case No. 7:22-cv-00451 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| J.C. STREEVAL, WARDEN, ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Jamaal Antonio Cotman, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Cotman challenges the validity of a federal conviction in the United States District Court for the Eastern District of Virginia. The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 12. In light of the Supreme Court's recent decision in Jones v. Hendrix, 599 U.S. 465 (2023), the court will grant the respondent's motion and dismiss the petition without prejudice.

## Background

In 2010, Cotman was convicted of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). United States v. Cotman, 458 F. App'x 319, 319 (4th Cir. 2011). He was sentenced to a total term of imprisonment of 240 months. Id. at 320.

Cotman appealed his conviction for attempted Hobbs Act robbery, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction on December 20, 2011. Id. He then filed a motion to vacate under 28 U.S.C. § 2255 in which he asserted claims of

ineffective assistance of counsel. United States v. Cotman, 3:10-cr-00185, 2015 WL 5561176 (E.D. Va. Sept. 17, 2015). The trial court denied the motion on September 17, 2015. Id.

Cotman is now incarcerated at USP Lee in Lee County, Virginia. In August 2022, he filed the pending petition under 28 U.S.C. § 2241. Cotman claims that his conviction under 18 U.S.C. § 924(c) is no longer valid in light of the Supreme Court's decision in United States v. Taylor, 596 U.S. ___, 142 S. Ct. 2015 (2022), in which the Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" for purposes of § 924(c)(3)(A). See Taylor, 142 S. Ct. at 2025 ("Attempted Hobbs Act robbery does not require proof of any of the elements § 924(c)(3)(A) demands. That ends the inquiry . . . .").

The court previously stayed the case pending the Supreme Court's decision in Jones v. Hendrix. After the Supreme Court issued its decision, the court lifted the stay, and the respondent moved to dismiss the petition. Cotman has not responded to the motion to dismiss, and the time for doing so has expired.

## Discussion

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must do so by filing a motion to vacate under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). A prisoner's ability to utilize § 2255 is limited, however, when the prisoner seeks to file a "second or successive" motion. Pursuant to § 2255(h), such motions are barred unless they are certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." Jones, 599 U.S. at 469–70.

Section 2255 also includes a "savings clause" that preserves the availability of a habeas remedy in cases where "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In Jones, the Supreme Court was presented with the question of whether the limitation on second or successive § 2255 motions makes § 2255 "inadequate or ineffective" such that a federal prisoner may proceed with a statutory claim under § 2241. 599 U.S. at 470. The Court answered this question in the negative, holding that "the savings clause does not authorize . . . an end-run around" the "two—and only two— conditions in which a second or successive § 2255 may proceed." Id. at 477. Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Id. at 478; see also id. at 474 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution"). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." Id. at 480.

Because Cotman seeks to challenges the validity of his conviction under § 924(c), the proper vehicle for his claim is a § 2255 motion, which he has previously pursued. The mere

3

fact that his statutory claim does not satisfy either of the requirements for filing a second or successive § 2255 motion does not "make[] § 2255 'inadequate or ineffective' such that [he] may proceed . . . under § 2241." Id. at 470. Additionally, Cotman has not identified any "unusual circumstances" that would make it "impossible or impractical for [him] to seek relief from the sentencing court." Id. at 474. Consequently, his petition does not satisfy the savings clause of § 2255, and he cannot proceed with his claim under § 2241.

## Conclusion

For the reasons stated herein, the court **GRANTS** the respondent's motion to dismiss, ECF No. 12, and **DISMISSES** Cotman's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: October 10, 2023

Michael F. Urbanski
Chief United States District Judge